PETER M. ANGULO, ESQ.
Nevada Bar No. 3672
JOSEPH R. SMITH, ESQ.
Nevada Bar No. 13961
**ANGULO LAW GROUP, LLC**
5545 Mountain Vista St., 2nd Floor
Las Vegas, Nevada 89120
*T:* 702.384.8000 / *F:* 702.384.8200
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

**\*\*\*\*\*\*\*\*\*\***

| | |
|---|---|
| SAMER RABBATA, individually, <br><br> Plaintiff, <br><br> vs. <br><br> DELTA AIR LINES, INC.; individually; DOES I-X and ROE CORPORATIONS I-X, inclusive. <br><br> Defendant(s). | Case No.: <br><br> **COMPLAINT** |

COMES NOW, Plaintiff SAMER RABBATA (hereinafter "Plaintiff") by and through his attorneys of record with ANGULO LAW GROUP, LLC, and hereby complains and alleges as follows:

## I. GENERAL ALLEGATIONS

1. At all times mentioned herein, Plaintiff was and is a resident of the State of Nevada, County of Clark.

2. Upon information and belief, at all times mentioned, Defendant DELTA AIR LINES, INC. (hereinafter "Delta") was and is a foreign corporation, domiciled in Delaware and headquartered in Georgia, operating within both Clark County, Nevada and Broward County, Florida.

3. The facts and circumstances that give rise to the subject lawsuit occurred in both the State of Florida, County of Broward, and the State of Nevada, County of Clark.

4. That, pursuant to NRCP 10(a), the identities of the Defendants, DOES I through X and ROE CORPORATIONS I through X, are unknown at this time and may be individuals, partnerships, companies, corporations, or other entity, specifically contracted or tasked with the care, use, storage, and/or movement of customer luggage for or on Delta's behalf. Plaintiff alleges each

1

Defendant designated herein as DOE or ROE are responsible in some manner for the damages alleged herein. Therefore, Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their true identities become known.

5. Specifically at the time of filing, Plaintiff contemplates Defendants DOES I - X to constitute agents, servants, employees, partners or joint venturers to Delta and at all times mentioned herein acted either individually/separately or within the scope and course of said agency, employment, partnership or joint venture with knowledge, permission, and consent of all other Defendant(s), in so performing the actions that resulted in the events and happenings referred hereto, and which proximately caused injury and damage to Plaintiff as alleged herein. Upon information and belief, Defendants DOES I – X are individuals residing within the County of Clark, State of Nevada, or the County of Broward, State of Florida, and Plaintiff requests leave of the Court to substitute the names and identities of said DOE Defendants into this Complaint when their true identities become known. Plaintiff anticipates that such persons shall not be identified until the formal commencement of discovery in this matter.

6. Additionally at the time of filing, Plaintiff contemplates naming Defendants ROE CORPORATIONS I – X, subsidiary or other agent entities of Delta and at all times mentioned herein acted either individually/separately or within the scope and course of said agency, employment, partnership or joint venture with knowledge, permission, and consent of all other Defendant(s), in so performing the actions that resulted in the events and happenings referred hereto, and which proximately caused injury and damage to Plaintiff as alleged herein. At the time of filing, Plaintiff is unaware of the specific corporate structure which incorporates the Defendants named herein and Defendants ROE CORPORATIONS I – X. Therefore, Plaintiff requests leave of the Court to amend this Complaint to name the Defendant(s) specifically when their true identities become known. Plaintiff anticipates that such persons or entities shall not be known until the formal commencement of discovery in this matter.

7. This Court possesses jurisdiction over Delta, including by virtue of NRS 14.065 and FRCP 4(k)(1)(A), employing Nevada's long-arm statute, which confers jurisdiction "on any basis not inconsistent with the Constitution of this state or the Constitution of the United States" as:

    a. Delta is registered to do business in Nevada with the Nevada Secretary of State;

    b. Delta operates continuous, systematic commercial flight operations in and out of McCarran/Harry Reid International ("LAS"), including to and from Fort Lauderdale-Hollywood (FLL); and

    c. Delta employs a registered agent for purposes of service of process within Nevada.

8. This Court further possesses jurisdiction over Delta as:

    a. Delta's longstanding and continuous commercial presence at LAS is not offensive the exercise of due process given Delta's purposeful, sustained availment of the privilege of acting in Nevada, or purposefully directing its conduct towards Nevada;

    b. The Subject Incident pleaded hereafter arose from Delta's purposeful contact or activities in connection with Nevada; and

    c. It is reasonable to exercise personal jurisdiction over Delta.

9. Venue is appropriate pursuant to 28 U.S.C. § 1391, *et seq.* as Delta does significant business within Clark County, Nevada, as alleged above; Plaintiff resides within the county; and Plaintiff sustained all medical treatment arising from the Subject Incident (to be described more fully hereafter) within the county.

10. On or about August 3, 2024, Plaintiff began travel from Fort Lauderdale-Hollywood International Airport to Harry Reid International Airport to travel home to Las Vegas from Florida.

11. Plaintiff possessed a plane ticket to fly from Florida to Las Vegas by way of Delta.

12. At or near the Delta check-in counter of the Fort Lauderdale-Hollywood International Airport, upon information and belief located at or about 100 Terminal Dr., Fort Lauderdale, FL 33315 (the "Subject Premises"), a stack of luggage placed within Delta's care, possession, or control tipped and fell upon Plaintiff's person.

13. The luggage at issue did not belong to Plaintiff.

14. The luggage at issue was not manipulated by Plaintiff, i.e. Plaintiff did not cause the luggage to fall.

15. Upon information and belief, the luggage stack at issue had been stacked or placed in its position by employees or agents on Delta's behalf.

3

16. The fall of luggage directly and proximately caused Plaintiff to sustain significant physical, mental, and emotional injuries, which continue to the present date.

## II. FIRST CAUSE OF ACTION

### (Negligence)

17. Plaintiff repeats and re-alleges the allegations within the preceding paragraphs as though fully set forth herein.

18. As detailed above, while upon the Subject Premises as an invitee, Plaintiff was harmed by way of a defect located upon the Subject Premises over which Plaintiff possessed no care, custody or control.

19. Defendants, and each of them, possessed a duty to manage, maintain, inspect, control, and supervise the condition of the Subject Premises, including the luggage at issue.

20. Defendants, and each of them, derogated that duty, thereby causing and/or allowing a dangerous condition to exist, which was not open and obvious to Plaintiff, thereby placing Plaintiff at risk to sustain serious injury.

21. Defendants, and each of them, knew or should have known that said unsafe condition existed and should have taken precautions to warn and/or prevent Plaintiff from encountering said unsafe condition(s) or otherwise corrected the hazard, including remedying said hazard prior to Plaintiff's encounter therewith.

22. As a result of Defendants' negligent and careless conduct to maintain the Subject Premises, including but not limited to warning Plaintiff of the unsafe condition defined herein, Plaintiff received serious injuries.

23. Defendants, and each of them, failed to warn Plaintiff and/or provide any warnings to Plaintiff of the dangerous condition created and/or allowed to exist by the entity, itself.

24. Plaintiff's injuries were directly and proximately caused by the negligent and careless conduct of Defendants by creating and/or allowing the dangerous condition to exist on the Subject Premises.

25. Alternatively, an agent or employee of Defendants, and each of them, operating within the course and scope of the respective employment relationship and on Defendants' behalf failed to remedy

the hazard while otherwise furthering the business interests of the entity, thereby creating vicarious liability upon the corporate defendants named herein.

26. As a direct and proximate result of the Subject Incident and Defendants' joint and several negligence, Plaintiff sustained and suffered injuries and damages and will, in the future, suffer serious and disabling injuries, including but not limited to, surgery as well as injuries in and about the limbs, head and systems, both physical and mental, some and/or all of which may be permanent in nature, all to Plaintiff's damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

27. As a further direct and proximate result of all of the foregoing, said Plaintiff has been and will in the future be caused to expend sums of money for medical care and expenses incidental thereto, in an amount presently in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00). The total amount cannot be determined at this time inasmuch as the same is yet accruing.

28. As a further direct and proximate result of all of the foregoing, said Plaintiff has suffered, and will continue to suffer, emotional injury and discomfort, as well as financial detriment and economic loss, some and/or all of which may be permanent in nature, all to Plaintiff's damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

29. As a further direct and proximate result of the aforesaid negligence, Plaintiff has been required to retain the services of an attorney to prosecute this claim on her behalf, and Plaintiff is therefore entitled to reasonable attorney's fees and costs incurred herein.

**WHEREFORE,** Plaintiff, expressly reserving the right to amend this complaint at the time of the trial of the action herein to include all items of damage not yet ascertained, demands judgment against Defendants, and each of them, as follows:

1. Past General damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00);

2. Past Special Damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00);

3. Future General damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00);

4. Future Special Damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00;

5. Attorney's fees if and as provided by applicable law and statute;

5

6. Costs of this action; and

7. For such other and further relief as the Court deems just and proper in this matter.

DATED this 3rd day of August, 2026.

ANGULO LAW GROUP, LLC

_/s/ Joseph R. Smith_
PETER M. ANGULO, ESQ.
Nevada Bar No. 3672
JOSEPH R. SMITH, ESQ.
Nevada Bar No. 13961
5545 S. Mountain Vista St., 2nd Floor
Las Vegas, Nevada 89120
_Attorneys for Plaintiff_

6